

| | | |
|---|---|---|
| **The Hon. Sylvia O. Hinds-Radix**<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Martha Nimmer**<br>*Special Assistant Corporation Counsel*<br>Cell: (917) 499-8632 |

March 23, 2023

**VIA ECF**
Magistrate Judge Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

**MEMO ENDORSED.**

  Re: *Y.S. v. New York City Dep't of Educ.*, 21-cv-10963 (JPO)(OTW)

Dear Judge Wang:

  I am a Special Assistant Corporation Counsel in the office of Corporation Counsel, the Hon. Sylvia O. Hinds-Radix, attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorneys fees' costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, *et seq*. ("IDEA") as well as for this action.

  I write to respectfully request that the pre-settlement telephone conference, currently scheduled for March 28, 2023, be converted into a pre-motion conference on Defendant's request —on consent—to stay this action, pending the Second Circuit's decision on the Cuddy Law Firm's ("CLF") in tandem appeals, including *H.C. v. N.Y.C. Dep't of Educ.*, 21-cv-1582, or, in the alternative, that the conference be adjourned *sine die* and that the case be stayed.  Plaintiff

consents to both of these requests. This is the first request to stay the matter and adjourn the March 28, 2023 conference, and we note that liability is <u>not</u> in dispute.[1]

Judicial economy and preservation of the parties' resources would be served by the requested stay. The instant motion for fees implicates several legal issues, including, *inter alia*, attorneys' hourly rates; these issues are fully presented in the nearly 16 identical cases on *in tandem* appeal at the Second Circuit (*see H.C.,* 21-cv-1582) all of which concern judgements on CLF fees motions. For that reason, Judge Cronan just yesterday stayed another CLF IDEA fees motion (*Y.S. v. N.Y.C. Dep't of Educ.*, 21-cv-5878 (JPC)), albeit fully briefed:

> This motion implicates a couple of legal issues that are substantively identical to issues that are now pending on appeal before the Second Circuit in a number of appeals that will be heard in tandem. […]
>
> And let me mention what the two main issues that the Second Circuit may be resolving are. The first issue, to summarize, involves whether a school district's unreasonable protraction of a final resolution of an action or proceedings under the IDEA require a full award of fees sought under the interplay of various sections of 20 U.S. Code 1415(i)(3). […]
>
> And the second issue involved the appropriate rates that the Cuddy Law Firm should be awarded for its work in these IDEA cases, and that includes what the rate in the prevailing community for its work should be and, in substance, the Cuddy Law Firm is arguing that the range of awards that have been granted in this district is simply too low.
>
> So in the interests of judicial economy and to promote efficient use of the parties' resources, I determine that it is appropriate for me to wait for guidance from the Second Circuit on these issues before addressing them in the pending motion before me.

*See Y.S.,* 21-cv-5878 (March 22, 2023 Tr. at 3).

Also strongly supporting the requested stay is an Opinion issued by Judge Gardephe today, March 23, 2023, which notes that CLF's arguments are recycled over and over again:

---

[1] Additionally, Defendant presented a written offer of settlement ("the Offer") on March 16, 2022, in the amount of $16,000.00, pursuant to the IDEA, 20 U.S.C. § 1415(i)(3)(D). Plaintiff did not accept that Offer. As of the date of that Offer, Defendant has fully valued this case, and is confident that if the case goes to briefing, the Offer will serve to cut off any recovery for work performed beyond that date.

> Plaintiff objects to Judge Parker's observation that Cuddy lawyers "recycled arguments and exhibits to support [the firm's] claim[s], and for such 'volume work,' there should be an economy of scale that leads to [fewer] hours being expended. . . ." . . . Plaintiffs argue that this conclusion is unfair (1) absent "clear guidance on what [the Cuddy Law Firm] can concisely provide that the courts will accept" as evidence of prevailing rates; and (2) because of the firm's need to "preserve[] the clients' rights" pending appeal. (Pltf. Obj. (Dkt. No. 48) at 23)
>
> *This is nonsense*. Judge Parker's point is that where the Cuddy Law Firm is filing briefs and declarations that are nearly identical to filings it has made in other cases, the hours billed to that activity must reflect that the firm is not doing any original work. And the Cuddy Law Firm has a history of recycling in IDEA fee disputes papers filed in other IDEA fee dispute cases. *See K.O.*, 2022 WL 1689760, at *12 ("Much of the work done on the instant briefing reiterates arguments made by [the Cuddy Law Firm] in other cases.").

*See V.W. v. N.Y.C. Dep't of Educ.,* 21-cv-6495 (PGG)(KHP) (Dkt. No. 46 at 17). There is <u>no</u> judicial purpose served by allowing yet another CLF fee application to be briefed, and saddling the Court with another motion to decide, without the forthcoming guidance from the Circuit.

Indeed, if granted, the parties will have a far higher likelihood of achieving settlement in this case (and many others) once the Circuit issues the *H.C. et al.* decision, entirely obviating the need for a motion in this case. That would preserve the Court and Defendant's resources, and would prevent CLF from simply churning another set of substantially identical motion papers containing copy-and-paste recycled arguments.

Alternatively, if the Court does not convert the upcoming conference to a pre-motion conference on Defendant's motion to stay (or dispense with the conference and grant the motion on consent and unopposed), the Court should nonetheless cancel the conference. Guided by recent fees decisions and recommendations from the S.D.N.Y.,[2] Defendant has determined that not only would it be unable to obtain authority exceeding the Offer that it regards as both fully and intentionally overvalued to serve its intended protective intent to cut off any additional attorneys' fees, but it would substantially nullify the purposes of the written offer provisions of

---

[2] *See also V.W. v. N.Y.C. Dep't of Educ.*, 21-cv-6495 (PGG)(KHP) (S.D.N.Y. March 23, 2023) (DOE offered **$27,500.00,** but Judge Parker recommended a "fee cap" award at **$27,340.47)**; *N.A. v. N.Y.C. Dep't of Educ.,* 21-cv-2643 (PGG)(SLC) (S.D.N.Y. Dec. 15, 2022) (the DOE offered **$29,720.00**, Judge Gardephe capped that at **$26,392.05** for work performed through the date of offer); *M.R. v. N.Y.C. Dep't of Educ.*, 21-cv-5503 (VEC), 2022 U.S. Dist. LEXIS 198294 (DOE offered **$28,000.00**; Judge Caproni "fee capped" award at **$23,977.87**); *K.E. v. N.Y.C. Dep't of Educ.*, 2022 U.S. Dist. LEXIS 172839 (DOE offered **$67,500.00**; Judge Failla "fee capped" award at **$63,083.27**); *T.A. v. N.Y.C. Dep't of Educ.*, 21-cv-7104, 2022 U.S. Dist. LEXIS 149319 (GHW) (DOE offered **$20,256.90**; Judge Woods "fee capped" award at **$19,079.50**); *F.N. v. N.Y.C. Dep't of Educ.*, 21-cv-3379 (JPO), 2022 U.S. Dist. LEXIS 148346 (DOE offered **$21,022.50**; Judge Oetken "fee capped" award at **$19,927.00**); *R.P. v. N.Y.C. Dep't of Educ.,* 21-cv-4054 (JMF) (S.D.N.Y. Apr. 27, 2022) (DOE offered $**19,192.50**; Judge Furman "fee capped" award at $**18,007.02**); and *H.C. v. N.Y.C. Dep't of Educ.,* 20-cv-844 (JLC)(S.D.N.Y June 17, 2021) (DOE offered **$40,00.01;** Judge Cott "fee capped" award at **$38,951.31**).

the IDEA, rendering such offers the start, rather than necessarily the firm end, of settlement posturing by both sides. In short, should Plaintiffs' counsel be encouraged to take IDEA written offers, or Rule 68 offers of judgment, as merely an invitation to mediation or negotiation, the purpose and intended effect of such offers will be lost.

Accordingly, Defendant requests that the March 28, 2023 pre-settlement telephone conference be converted into a pre-motion conference on Defendant's request to stay this action, pending the Second Circuit's decision on CLF's in tandem appeals, or, in the alternative, that the conference be adjourned *sine die* and that the case be stayed.

Thank you for considering these requests.

Respectfully submitted,

/s/
Martha Nimmer, Esq.
Special Assistant Corporation Counsel

cc: Kevin Mendillo, Esq. (via ECF)

Application **GRANTED**. The Pre-Settlement Conference Call previously scheduled for March 28, 2023 is adjourned *sine die.*

The case is **STAYED** pending the Second Circuit's decision in 21-cv-1582. The parties shall file a joint status letter within two weeks of the Second Circuit's decision in that case.

**SO ORDERED.**

_____
Ona T. Wang          3/24/23
U.S.M.J.