UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Y.S., individually on behalf of D.F., a child with a disability,<br><br>                                          Plaintiff,<br><br>-against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>                                          Defendant. | 21-cv-10963 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff, individually and on behalf of her son, brought this action against the New York City Department of Education (DOE) under the Individuals with Disabilities Education Act of 1990 (IDEA). Plaintiff's counsel, the Cuddy Law Firm (CLF), now brings this motion for attorneys' fees and costs. CLF claims that the Court should award the firm $38,404.50. DOE claims that any award should not exceed $8,582.63. The Court addresses each of DOE's requested reductions below and awards $21,028.80.[1]

### I.     CLF's Rates

DOE argues that CLF's requested rates ($550/hour for Andrew Cuddy, $450/hour for Kevin Mendillo, $425/hour for Benjamin Kopp, and $225/hour as a blended paralegal rate) are unreasonable. The Court agrees. The hourly rates for attorneys and paralegals at CLF are well-established in this district, based on each attorney's experience and expertise and the prevailing local rates. *See, e.g.*, *F.N. v. New York City Dep't of Educ.*, 2024 WL 1348637, at *8 (S.D.N.Y. Mar. 29, 2024); *T.P. v. New York City Dep't of Educ.*, 2024 WL 986587, at *6 (S.D.N.Y. Mar. 7, 2024); *N.G. v. New York City Dep't of Educ.*, 2024 WL 133615, at *4 (S.D.N.Y. Jan. 12, 2024). Based on the Court's own review of this precedent, each attorney's experience, and the *Johnson* factors, the Court will award fees at a rate of $400/hour for Cuddy, $300/hour for Mendillo and Kopp, and $100/hour for paralegals.

Because the Court is applying rates close to those requested by DOE, the Court declines to consider DOE's alternative argument (made in a footnote) that the Court should apply hourly rates based on the Northern District of New York.

---

[1] The standard governing fee motions under the IDEA is well established in this district and so will not be recited here. *See H.A. v. New York City Dep't of Educ.*, 2022 WL 580772, at *1 (S.D.N.Y. Feb. 25, 2022).

## II. Administrative Proceeding

CLF billed 53.6 hours of attorney time and 9.3 hours of paralegal time during the administrative proceedings in this case. DOE argues that CLF's billing is excessive. The Court agrees in part.

First, the Court finds that the over 15 hours of attorney time spent drafting, editing, discussing, and collecting information for the due process complaint (DPC) was excessive. *See e,g.*, *S.B. v. New York City Dep't of Educ.*, 2024 WL 1406559, at *8 (S.D.N.Y. Apr. 2, 2024) (finding 18.6 hours of attorney time spent drafting DPC to be "outsized for a relatively rote task"); *T.P. v. New York City Dep't of Educ.*, 2024 WL 986587, at *9 (S.D.N.Y. Mar. 7, 2024) (same for proceeding in which CLF billed more than 13.5 hours drafting DPC). So a reduction is warranted for that task.

In addition, CLF billed 1.5 hours of attorney time and 1.1 hours of paralegal time reviewing its bills in the administrative proceeding. The Court finds this excessive. As other courts have explained, "[p]reparing and reviewing litigation documents is an appropriate task for which a lawyer should expect client payment; preparing and reviewing bills is not." *L.M. v. New York City Dep't of Educ.*, 2023 WL 2872707, at *10 (S.D.N.Y. Feb. 14, 2023), *report and recommendation adopted*, 2023 WL 2495917 (S.D.N.Y. Mar. 14, 2023). A reduction is therefore warranted.

But the Court is not persuaded by DOE's arguments that CLF inflated its administrative proceeding bills by using .1 time entries. While the Court does note a significant number of .1-time entries, the Court has reviewed the description for each task (which primarily involve composing emails to the client or the client's school) and does not believe that the tasks took less than the 6 minutes attributed to them.

Accordingly, the Court will apply a modest 10% reduction to account for the small amount of excessive billing noted above.

## III. Federal Proceeding

As to this federal case, CLF billed 22.53 hours of attorney time and 2 hours of paralegal time. The Court finds that a reduction is warranted here too.

First, CLF billed 15.2 hours of attorney time in drafting a fees motion. This amount is excessive because, as DOE points out, CLF's briefs and declarations are almost identical to its submissions in other fees cases. While CLF correctly describes the "reuse of material" as "an efficient practice," it is unclear why so much additional attorney time would be necessary. Given CLF's practice of recycling already drafted material, "[c]ourts in this District have regularly reduced CLF's attorneys' fees for hours spent litigating the fees themselves between 20%–50%." *N.G.*, 2024 WL 133615, at *8; *see also C.B. v. New York City Dep't of Educ.*, 2019 WL 3162177, at *12 (S.D.N.Y. July 2, 2019) ("While the Court expects that similar arguments would be made in two similar attorney's fees motions, CLF's work on this motion and its result cannot justify an additional 24.3 hours of fees for two senior attorneys.").

In addition, the Court finds that CLF's .1 or .2 billing entries in the federal proceeding reflect excessive billing. For example, at least six billing entries indicate that Mendillo spent .1 hours (or 6 minutes) reviewing ECF notifications and docket entries. The Court finds it hard to believe that Mendillo spent 6 minutes reviewing a notice stating which judge and magistrate judge had been assigned to this case or another 6 minutes noting that one of DOE's attorneys was withdrawing from the case. The Court also finds it unlikely that CLF spent a total of approximately 30 minutes responding to two emails from DOE consenting to extension requests and noting the new deadlines.

Further, the Court finds that attorney time was spent on tasks that should have been completed by paralegals, including drafting the civil cover sheet and summons and serving those documents. *See Y.S. v. New York City Dep't of Educ.*, 2022 WL 4096071, at *4 (S.D.N.Y. Sept. 6, 2022); *N.G.*, 2024 WL 133615, at *8. CLF also spent an additional 1 hour of attorney time and 1.8 hours of paralegal time preparing and reviewing its billing statements.

Based on this billing, the Court will apply a 30% reduction to CLF's federal billing. The Court finds this reduction affords the "rough justice" that is the "essential goal in shifting fees." *Id.* at *5 (citation omitted).

### IV. Fee Cap

A court may not award attorneys' fees and costs in an IDEA action "subsequent to the time of a written offer of settlement to a parent if" the court "finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement." 20 U.S.C. § 1415(i)(3)(D)(i). "Therefore, courts will not award fees or costs for work performed after a written settlement offer if the total fees and costs that the plaintiff was entitled to as of the date of the settlement offer was lower than [Defendant's] settlement offer." *H.W. v. New York City Dep't of Educ*, 2023 WL 5529932 (S.D.N.Y. Aug. 28, 2023)). However, a complete award "may be made to a parent who is the prevailing party and who was substantially justified in rejecting the settlement offer." 20 U.S.C. § 1415(i)(3)(E).

Given the reductions applied above, CLF had properly billed approximately $16,800 by March 9, 2022, when DOE provided a $16,000 offer of settlement. Therefore, CLF is entitled to fees after March 9, 2022. Nevertheless, the Court would encourage CLF to consider whether the additional two years of litigation was worthwhile to obtain a relatively small increased award.

### CONCLUSION

Based on the rate adjustments and reductions described above, the Court will award fees and costs of $21,028.80 as outlined below, plus post-judgment interest at the applicable statutory rate. *See* 28 U.S.C. § 1961; *True-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017).

| Administrative Proceeding | | | |
|---|---|---|---|
| Andrew Cuddy | $400/hour | 2.07 hours | $828 |
| Kevin Mendillo | $300/hour | 46.17 hours | $13,851 |
| Paralegal support | $100/hour | 8.37 hours | $837 |
| Costs | - | - | 85.50 |
| Federal Proceeding | | | |
| Andrew Cuddy | $400/hour | 1.54 | $616 |
| Benjamin Kopp | $300/hour | 0.091 | $27.30 |
| Kevin Mendillo | $300/hour | 14.14 | $4242 |
| Paralegal support | $100/hour | 1.4 | $140 |
| Costs | - | - | $402 |
| Total | | | $21,028.80 |

The Clerk of Court is directed to enter judgment, terminate Dkt. 25, and close the case.

SO ORDERED.

Dated: April 24, 2024
      New York, New York

ARUN SUBRAMANIAN
United States District Judge